Court Minutes and Order

DATE:           March 19, 2026
JUDGE:          Pamela Pepper
CASE NO:        24-cr-198
CASE NAME:              United States of America v. Lakia Jackson
NATURE OF HEARING:      Sentencing
APPEARANCES:            Julie Stewart – Attorney for the government
                       Kate Biebl – Attorney for the government
                       Robert G. LeBell – Attorney for the defendant
                       Lakia Jackson – Defendant
                       Maria Mahmoudi – U.S. Probation Officer
COURTROOM DEPUTY:       Justin Dreikosen
TIME:                   10:01 a.m. – 11:15 a.m.

## AUDIO OF THIS HEARING AT DKT. NO. 69

The defendant had pled guilty to Count One (health care fraud) and Count Thirteen (aggravated identity theft).

The court listed the relevant sentencing documents and confirmed that defense counsel had reviewed those documents with the defendant and that the prosecutor had reviewed them.

The court explained to the defendant that the Sentencing Guidelines calculations were advisory, but that the law required the court to calculate them and then consider them along with the §3553 factors.

The court observed (and the parties agreed) that the base offense level for Count One (¶70 of the revised presentence report, Dkt. No. 65) should be **6** instead of 7.

The court recounted that the defendant's lone objection to the revised PSR concerned the proposed 4-level enhancement for an aggravated role in the offense under U.S.S.G. §3B1.1(b). The prosecutor and defense counsel relied on their written submissions. The court recounted that in the plea agreement, the parties had agreed to recommend a 3-level (as opposed to a 4-level) enhancement for the defendant's role in the offense, and that the basis for the defendant's objection was simply that the parties had agreed on a 3-level enhancement rather than 4 levels.

 The court explained that it was not a party to the plea agreement and that it had an independent obligation to properly calculate the guidelines. It overruled the objection, finding that the criminal activity at issue both (a) involved more than five participants and (b) qualified as "otherwise extensive."

1

The court made the following findings as to the offense level(s):

Count One (Health Care Fraud)
Base offense level: 6, §2B1.1(a)
    Objection(s): ☐ Yes    ☒ No
Enhancements: 16 level(s), §2B1.1(b)(1)(I) (loss amount between $1,500,000
    Objection(s): ☐ Yes    ☐ No
Enhancements: 2 level(s), §2B1.1(b)(2)(A)(ii) (mass marketing)
    Objection(s): ☐ Yes    ☒ No
Enhancements: 2 level(s), §2B1.1(b)(7)(A) (fraud involved gov't program)
    Objection(s): ☐ Yes    ☒ No
Enhancements: 4 level(s), §3B1.1(b) (role in the offense)
    Objection(s): ☒ Yes    ☐ No (as described above)
Adjusted offense level: 30
    Objection(s): ☒ Yes    ☐ No (as described above)
Acceptance of Responsibility
    Reduction: 2 level(s), §3E1.1(a) (acceptance)
    Reduction: 1 level(s), §3E1.1(b) (timeliness)

Adjusted Total Offense Level: 27
    Objection(s): ☒ Yes    ☐ No (as stated above)

The court made the following findings regarding the criminal history category:

Criminal history points: zero, yielding a criminal history category of I.
    Objections: ☐ Yes    ☒ No

The court found that the adjusted offense level of 27 in criminal history category I resulted in an advisory sentencing range of 70-87 months for Count One.
    Objections: ☒ Yes    ☐ No (as described above)

Count Thirteen (Aggravated Identity Theft)
The guidelines for a violation of 18 U.S.C. §1028A is U.S.S.G. §2B1.6(a). The guideline sentence is the term of imprisonment required by statute. The guideline range is twenty-four (24) months, the mandatory minimum sentence required by statute, consecutive to any other sentence the court may impose (except that the statute leaves to the court's discretion the question of whether

2

to impose multiple mandatory minimum sentences to run concurrently with or consecutively to each other).

The court added the mandatory minimum, consecutive sentence of twenty-four (24) months for the §1028A count charged in Count Thirteen to the low and high ends of the advisory sentencing range for Count One (70 to 87 months), resulting in a total advisory sentencing range of 94 to 111 months with a statutory floor of 24 months.

Government's recommended sentence: Five years' (60 months') imprisonment. Defendant's recommended sentence: Two years' and six months' (30 months') imprisonment.

The defendant addressed the court on her own behalf.

Defendant's judgment request(s): That the Bureau of Prisons place the defendant at FPC Bryan, or at a facility as close to Houston, Texas as possible;, and that the Bureau of Prisons place the defendant in a facility that provides the Residential Drug Abuse Program (RDAP).

The court imposed a sentence of: **thirty-six (36) months' imprisonment on Count One and twenty-four (24) months' imprisonment on Count Thirteen, to run consecutively to the thirty-six (36)-month term imposed on Count One, for a total term of sixty (60) months' (5 years') imprisonment.**
     Supervised Release: **Three (3) years of supervised release on Count One and one (1) year of supervised release on Count Thirteen, to run concurrently with the three-year (3) term imposed on Count One, for a total term of three (3) years of supervised release.**
     Special Assessment: **$200**
     Fine: **None**
     Restitution: **$2,655,463.63**
     Forfeiture: **$2,655,463.63**

The court thanked those who had come today to be in the courtroom and support the defendant.

The court imposed conditions of supervised release, which the judgment will reflect.

Defendant in custody: ☐ Yes☒ No
If no, ☐ The court ordered immediate remand

3

☒ The court allowed self-surrender by no sooner than 30 days after the date that the BOP notifies the defendant as to her designated facility.

The court advised the defendant that waived her right to appeal; that there were limited exceptions to that waiver; that she had a limited time in which to appeal; and that she should discuss her appeal rights with her attorney. The court will enter judgment reflecting the above sentence.

The court **ORDERS** that the remaining counts of the indictment are **DISMISSED** on the oral motion of the United States.

Dated in Milwaukee, Wisconsin this 19th day of March, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4